Morning, Your Honors. If it pleases the Court, my name is Michael Donahoe. I work for the Federal Defender's Office. I'm here on behalf of Mr. Lawrence. I can say, as a general matter, these cases pretty much make my head hurt. Sometimes. Me, too. I don't know. I've been working with this for a long, long time, and sometimes I think I understand it, and sometimes I don't. But I think this is a pretty straightforward application of the categorical rules, especially insofar as those rules have been articulated by the Supreme Court in the last several years. Here I'm discussing, just in a general way, the Mathis rule. So we have the overbreadth point, which I really don't think I have to discuss. It's squarely set forth in the brief. But I think the center of gravity here is really the divisibility-indivisibility. I don't want to overly complicate this, but I feel like I need to say this. I need to get this out of my head. The force requirement, if this is an enumerated offense, which I don't think it is, but assuming they made that argument, which I don't think they did, the force requirement for the robbery itself arises and exists in the third-degree statute, which has already been declared not consistent with Johnson. So I'm just hoping that that makes sense. In other words, because we move up the scale from 3 to 2 to 1, we don't draft in or incorporate or substitute the force requirement that seems to appear in the first-degree statute for the force requirement that's necessary in the third-degree statute. They're not interchangeable things. And I'm speaking at a level of abstraction here that might almost sound silly, but it seems to me that that's a very, very important point in some respects. So let's move on to the divisibility- Robbery in the third degree, to prove that, the prosecution has to show that the person used or threatened the immediate use of physical force upon another person with a certain intent. Correct. Then, first degree requires that the person violate the third-degree statute. Correct. Right? And then it says, and the person, and it has these other things that it lists. So my understanding then would be that the prosecutor has to both prove, for first degree, that the person used or threatened the immediate use of physical force, and he had a deadly weapon, or he had, I'm assuming these are in the disjunctive, right? Am I correct in that? I think they're in the disjunctive, yes, I can concede that. Okay, or he used or attempted to use a dangerous weapon, or caused or attempt to serious physical injury. Serious bodily injury. So if, just trying to understand this, if robbery in the third degree is not categorically a crime of violence, which has been held, correct in Strickland? It has. How can adding something to it transform it to being a categorical crime of violence? It can't. Because? Because it can't as an enumerated offense. In theory, I think I could go along with the general proposition that it might be because the additional requirements, circumstances, factors that are set forth in Robbery 1 talk about force. In other words, let's, let me focus on divisibility and divisibility, all right? And I think I can concede that if we're talking about divisibility as between third-degree robbery, which is incorporated into first-degree robbery, we could concede that those two things are divisible, all right? So Strickland resolves the third-degree aspect of the force requirement. We're done with that. So then it is, is it divisible, Robbery 1 itself, the factors 1A through C? And they're not. Because under Mathis, it says follow the state law. And the Edwards case from the Court of Appeals in Oregon in the year 2000 says these are means of committing a single crime. And that articulation of that rule ends this discussion. There's no need to go any farther. You know, try as we might, I don't think you can say categorically that those factors in Robbery 1 are independent elements. They aren't. They don't carry different penalties. Facially, they may appear to be broken down, but that Edwards decision clearly says that they're means. They're not elements. Judge Wardlaw, I just want to make sure you can still see us okay. Your screen has turned a pinkish hue on our side. I see that. I can still see you, but I'll ask our IT guy to take a look at this. Can you stop the clock real quick, Carol? I just want to take a quick breather just to make sure. Okay. You still look great in my book, but you're still looking a little purple. Thank you. Still looking a little purple. All right. Well, we'll go ahead. If it's still you can still see us okay and everything. Counsel, just. I can still see you all right, so as long as my purple presence doesn't annoy people. All right. We'll go ahead and pick up where we left off. Okay. So I guess to pick up where I left off, you know, maybe a way to think about this, just a different style of thinking about this, and I'll hazard this hypothetical. Let's assume just for sake of discussion that the modified categorical approach, they say it does apply, and you're going to use some kind of documentation to say that these factors, you can see specifically what the person may have been held responsible for in the list, right? Well, that can't be right because Edward says that they're means of a single crime. Just because a prosecutor cherry-picked out something that was very specific to an individual case doesn't change that rule. It doesn't mean that we're going to make some kind of factual analysis of what happened in the case. And in any case, the government never proved, even under the modified categorical approach in this case, that he was convicted of robbery one. Counsel, let me ask you this. Obviously, you want us to hold, you think the law is clear you should win, and I appreciate that, but as you've also acknowledged, these cases make your head hurt and I think everyone's head hurt. Would there be any utility in seeking help from the Oregon Supreme Court on the divisibility? You know, I kind of knew, Your Honor, you were going to ask me that question. I don't know why. No, I respectfully submit that that would not be an appropriate thing in this instance. And why not? I've had cases certified in some circumstances. I can't say I'm an expert in when that process should be employed. Certainly, that's a question for the Court. But the reason that it shouldn't be in this case is because the Edwards case in the Court of Appeals of Oregon has clearly said these are means, not elements. Discussion over. Mathis says we have a rule. Mathis says if the State court has weighed in and the State court has weighed in here, you can go on and talk about that White case all day long. I really don't care about the merger analysis, the murder analysis that they try and bring and incorporate into this discussion. Simple fact is, is that the Court of Appeals interprets White and says that first-degree robbery, they're means, not elements. So, Mathis controls. And I'd like to... I have another question on that subject because I, too, thought, well, maybe we could certify this to the Oregon Supreme Court at one point while I was looking at this. But then my second thought was that actually maybe this is actually a question of federal law, which we have to decide with reference to how the State has prosecuted these crimes and what the jury instructions are on unanimity and that sort of thing. Would you agree with that analysis? Well, I think I can agree, Your Honor, insofar as it's a question of federal law under Mathis. If the appeals court has indeed addressed the question, and they have specifically in that Edwards case, which I set out in the blue brief, I think the discussion terminates. Thank you, Your Honors. Depending on how this argument goes, we may give you a minute for rebuttal. Thank you. May it please the Court, Tim Tatarka of the District of Montana on behalf of the United States. Oregon first-degree robbery with a firearm is a crime of violence under both the enumerated prong and the forced prong of Section 4B1.2's definition of crime of violence. I think probably the more straightforward analysis here is the analysis under the enumerated clause, although I would add that the fact that Mr. Lawrence was convicted of the aggravated crime of first-degree robbery with a firearm, which the Oregon Supreme Court, in a case called Flores, makes clear is a new crime that includes the element of use of a firearm during the commission of the robbery. I don't think the Court needs to undertake divisibility analysis of the elements of Robbery 1. The fact that there is that new crime that definitely has the element of the use of a firearm is sufficient. Turning to the enumerated clause, robbery is listed as an enumerated offense in 4B1.2, and this Court has defined generic robbery as a crime containing at least the elements of misappropriation of property under the circumstances involving immediate danger to the person. Oregon robbery, even looking at just the basic elements of Robbery 3, satisfies those elements. It requires misappropriation of property in the form of theft or unauthorized use of a vehicle, and it requires circumstances involving immediate danger to the person in the form of a threat of immediate use of physical force upon another person. This Court has been clear in the United States v. Molinar that the use of force required to meet the generic robbery is not the same, does not require violent use of force under Johnson. That's absolutely clear. The analysis of whether or not the generic crime is met is separate from the use of force in Johnson. And the Strickland case, which was a case under the ACCA where robbery is not enumerated, just simply didn't address this issue. This Court can address that in the first instance. To deal with the waiver issue briefly, not only did the United States not waive this issue, both prongs were identified by the United States, both at page 127 in the record in the United States opening sentencing memo, and even more clearly in the reply brief at page 96 of the record. So I don't think there's any problem with waiver. And even if there had been, Strickland is a change in law. It would be appropriate for this Court to address it in the first instance. Unless the Court has any further questions with respect to the enumerated clause, I'll move on to the force clause. And again here, as I mentioned, because this Court has made or because the Oregon Supreme Court has made clear that the sentencing enhancement, the enhancement of with a firearm creates a new crime, an aggravated crime that does require the element of the use of a firearm during the commission of the felony. And Oregon has defined use narrowly. It requires discharge or threatened discharge of the firearm. Under this Court's case law, the threat of the use of a deadly or dangerous weapon in the course of making a threat is a crime of violence. That's clear from the Cavillo-Palacios case, which I know Judge Owens was a member of the panel of. It's clear from juvenile female, Camacho-Cruz, and specifically with respect to a firearm in the Heron-Salinas case. What if it were an inoperable firearm? Two things. One, that still would qualify under federal law. The federal bank robbery statute involves an inoperable firearm, but was still found to be a crime of violence. But in this case, we wouldn't have to deal with that scenario because under Oregon law, he couldn't have been convicted of the underlying offense of robbery one without, let's see, the case, there's a case in our brief that specifically addressed that. Anyway, I don't have that in front of me. But it is in our brief that I think here, in order to meet the underlying elements of robbery one, that he would have to have shown that it was operable. But in any event, I think even the inoperable firearm would be a threat of violence under the force clause. I'm happy to talk about the divisibility analysis of first-degree robbery if the Court wants to hear it. How about my question about certification on that issue? My answer would be that we don't have to do that in this case because of the Flores case, which makes clear that when it is pled and proved that the individual used the firearm, there isn't any need to undertake the divisibility analysis of robbery one, because it doesn't matter which of the three aggravating factors in robbery one were met. The additional element, we know that the jury had to have convicted Mr. Lawrence of using a firearm during the course of threatening the immediate use of physical force upon another person. And so I think that law is clear, and this Court can save for another day the issue about whether or not just the elements of robbery one are divisible. Because your point is that no matter what happened in this, I mean, no matter what the state of the law is, we have to be careful in these cases where we don't look to the facts and ignore what was charged. You're saying because as a matter of law, it had to be proven. It had, yes, absolutely. It had to be proven that he used a firearm during the commission of the robbery. And so that element is sufficient to show that the force clause is met. And, of course, I also think, going back to the enumerated clause, this Court can decide this case on the enumerated clause alone. And that you don't have to look to the elements of first-degree robbery, because simply all of, even just looking at the elements of third-degree robbery, we can see that the enumerated clause is met, that it fits comfortably within the generic definition of robbery. If the Court has no further questions. Thank you very much. We'll give you a minute, and I would like you to respond to what he just said about the nature of this charge and why divisibility, at least according to him, is not an issue. All right. Well, because we never get to those documents. And I don't want to get lost in the weeds on the fact that they never proved it up with the papers that they submitted, the inconsistency between the charging document that they submitted and the judgment they submitted. There's no rhyme or reason to that. So I want to make that factual point. On the enumerated clause, they never argued that in the district court below. They're arguing it here, and you can see that in their papers. But if you look at the sentencing record, that enumerated argument does not appear the way it does up here. So they waived it. All right. And the case turns on whether Robbery I is divisible or not. And it is not divisible under Edwards. So this Court's decision in Parnell that says just mere possession of a deadly weapon that's even concealed can carry the day. If it's not divisible, the analysis ends, the modified categorical approach doesn't apply, and the case is over. There's no need for certification. Thank you, Your Honors. Thank you, Counsel. Thank you both for your argument and briefing in this head-smashing case. We get these sometimes. This one submitted. We'll move on to another. For those in the audience who are in the law school, here's another case that is similar to the first one, United States v. Ann Kenney.
judges: Wardlaw, Owens, Lefkow